Stephen M. Doniger, Esq. (SBN 179314)
Email: stephen@donigerlawfirm.com
Scott Alan Burroughs, Esq. (SBN 235718)
Email: scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
Email: tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
Email: jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAUBER BROTHERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOREVER 21, INC., *et al.*, <br><br> Defendants. | Case No. 2:19-cv-05911-JAK-JC <br><br> *Hon. John A. Kronstadt Presiding* <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> **[CHANGES MADE BY COURT]** |

## STIPULATION RE: CONFIDENTIAL INFORMATION

IT IS HEREBY STIPULATED by the Plaintiff and the Defendants to the above-captioned action ("Action"), as indicated by the signatures below (herein collectively "Parties"), by and through their respective attorneys of record and pursuant to FED. R. CIV. P. 26(c) and 29, that from this point forward, discovery in

- 1 -

STIPULATED PROTECTIVE ORDER

this case of confidential information shall be had on the following terms and conditions:

WHEREAS, to expedite the flow of discovery materials and any other information produced, given, served, or exchanged by and among the Parties and non-parties to the above-captioned Action; to facilitate the prompt resolution of disputes over confidentiality of discovery materials; to adequately protect information the Parties are entitled to keep confidential are subject to such treatment and are not utilized for any purpose except this Action; and to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c);

IT IS HEREBY ORDERED that the following Protective Order be entered in this Action:

1. **Purpose**

This Protective Order governs the use and handling of documents and other information produced or otherwise supplied by the Parties and any other individual or entity, including non-parties in this Action.

2. **Definitions; Designation of Discovery Materials as Confidential or Highly Confidential**

The following definitions have been agreed to by the Parties, as used herein:

2.1     Discovery Material:  All information, documents and things produced, regardless of the medium or manner generated, stored, or maintained (including, among other things, electronically stored information, testimony, transcripts, or tangible things), that are produced in, or created for the purpose of, disclosures or responses to discovery in this Action.

STIPULATED PROTECTIVE ORDER

2.2    Confidential" Information shall include any Discovery Material that is not in the public domain and contains confidential financial, research, development, proprietary, private, commercial or other non-public information.

Discovery Material produced in this Action by any Party or any third-party may be designated as "CONFIDENTIAL" if the Producing Party or third-party claims in good faith that such material warrants such a designation. The Party receiving designated "CONFIDENTIAL" Information shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this Action.

2.3    "Highly Confidential" Information shall include all Discovery Material that is both Confidential and has significant competitive value such that the unrestricted disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means. This type of information includes current confidential research, development, pricing, cost, marketing or customer information and identity, disclosure of which could create an elevated risk of commercial or competitive harm. Discovery Material produced in this case by any party or any third-party may be designated as "HIGHLY CONFIDENTIAL" if the Producing Party or third-party claims in good faith that such material warrants such a designation. The party receiving material designated "HIGHLY CONFIDENTIAL" shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this Action.

2.4.    Designated Material: Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part therefrom.

2.5.   <u>Designating Party</u>: A party or non-party who designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.6.   <u>Expert</u>: A person who is not a current employee of a party and has been retained by a party or counsel to serve as an expert witness or as a consultant in this Action, including, without limitation, a professional jury or trial consultant retained in connection with this Action.

2.7.   <u>Outside Counsel</u>: Attorneys who are not employees of a party but who are retained to represent or advise a party in connection with this Action, together with the legal counsel and clerical or other support staff who are employed by such attorneys.

2.8.   <u>In-House Counsel</u>: Attorneys who are employees of a party who are deemed necessary by Outside Counsel to aid in the prosecution, defense, evaluation, or settlement of this Action, and their paralegals, secretarial and clerical assistants.

2.9.   <u>Party</u>: Any party to this action, including all of its officers, directors, and employees deemed necessary by Outside Counsel to aid in the prosecution, defense, evaluation, or settlement of this Action.

2.10.   <u>Producing Party</u>: A party or non-party that produces Discovery Material in this Action.

2.11.   <u>Protected Material</u>: Any Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL."

2.12.   <u>Receiving Party</u>: A party or non-party that receives Discovery Material from a Producing Party directly or indirectly through a disclosure or discovery in this Action.

2.13.   <u>Vendors</u>: Persons or entities other than Outside Counsel that provide litigation support services (*e.g.*, document production, document review, deposition stenography; photocopying; videotaping; translating; preparing exhibits or demonstrations; data management, including organizing, storing, or retrieving data in

- 4 -

any form or medium, graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings; and jury or trial consulting services; etc.), together with their employees and subcontractors.

3. **Permissible Uses of Discovery Material**

3.1.   Designated Material shall be used by the Receiving Party only for the purposes of the prosecution, defense or settlement of this Action and not for any other litigation. All Designated Material, and the contents thereof, and any information contained therein, and all notes or summaries prepared therefrom shall not be disclosed to any person or entity except in accordance with the terms, conditions and restrictions of this Order.

3.2   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose "CONFIDENTIAL" Information only to:

(a)    The Court (including its personnel and stenographic reporters);

(b)    The Receiving Party's Outside and In-House Counsel;

(c)    Mediator(s) engaged by the Parties or designated by the Court in this Action;

(d)    Officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided that they execute the Confidentiality Agreement in Exhibit A hereto and acknowledge that they have read and agree to be bound by the terms of this Protective Order;

(e)    Vendors retained by the Parties or Outside Counsel to assist in this Action, provided that they execute the Confidentiality Agreement in Exhibit A hereto and acknowledge that they have read and agree to be bound by the terms of this Protective Order;

STIPULATED PROTECTIVE ORDER

(f)     Third-party consultants and Experts, as well as employees of such Expert or consultant who are necessary to assist in the prosecution, defense, evaluation, or settlement of this Action, provided that they execute the Confidentiality Agreement in Exhibit A hereto and acknowledge that they have read and agree to be bound by the terms of this Protective Order;

(g)     The author of the document or the original source of the information, and any person identified on the document as having received it or been a participant in the event or matter described in the document; and

(h)     Any other person upon the written agreement of the Designating Party that designated the Discovery Material as "CONFIDENTIAL" (which agreement may be recorded in a deposition or other transcript), or pursuant to court order after a motion.

3.3     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose "HIGHLY CONFIDENTIAL" Information only to the following persons:

(a)     The Court (including its personnel and stenographic reporters);

(b)     Mediator(s) engaged by the Parties or appointed by the Court in this Action, provided that they execute the Confidentiality Agreement in Exhibit A hereto and acknowledge that they have read and agree to be bound by the terms of this Protective Order;

(c)     Vendors retained by the Parties or Outside Counsel to assist in this Action, provided that they execute the Confidentiality Agreement in Exhibit A hereto and acknowledge that they have read and agree to be bound by the terms of this Protective Order;

(d)     Outside Counsel for the Parties;

(e)     Third-Party Consultants and Experts engaged for this Action, provided that they execute the Confidentiality Agreement in Exhibit A hereto and

- 6 -

STIPULATED PROTECTIVE ORDER

acknowledge that they have read and agree to be bound by the terms of this Protective Order;

(f)     The author of the document or the original source of the information, and any person identified on the document as having received it or been a participant in the event or matter described in the document; and

(g)     Any other person as to whom the Party or non-party producing the Highly Confidential Information has consented to disclosure in advance and in writing, on notice to each Party hereto.

3.4   A witness at any deposition or other proceeding in this Action and/or counsel for such witness may be shown designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, but only in preparation for, or during, the deposition or proceeding, and only under the following circumstances:

(a)     The witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy of the designated material, or is in a position that s/he would logically review or receive such designated material in the course of his/her employment;

(b)     The witness is otherwise entitled under this Order to see the Designated Material;

(c)     The designating party/person has given permission for the witness to see the Designated Material; or,

(d)     By leave of court.

3.5.    Nothing herein shall impose any restrictions on a Party from disclosing its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material as it deems appropriate.

3.6.    Counsel for each party shall retain the original signed Confidentiality Agreement they obtain from Vendors, Experts, or others with whom they share such material, as provided for under this Order.

STIPULATED PROTECTIVE ORDER

3.7.    All    material    designated    "CONFIDENTIAL"    or    "HIGHLY CONFIDENTIAL" shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this Action, shall not be used for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced Designated Material shall be carefully maintained so as to preclude access by persons who are not permitted to receive such information under this Order.

3.8    In order to disclose material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to a third-party consultant or expert pursuant to Paragraphs 3.2(f) or 3.3(e), the Receiving Party must provide notice by email to the Producing Party, which notice shall include: (a) name and business title; (b) current resume or CV; and (c) a copy of the applicable signed Confidentiality Agreement at Exhibit A at least five (5) days prior to such disclosure and during such time the Producing Party may notify the Receiving Party of any objection.   Any such objection must set forth in detail the grounds on which it is based.   After the expiration of the five (5) day period, if no objection is asserted, then Designated Material may be disclosed to the consultant or expert pursuant to the terms of this Order.  Disclosure may not be made until such objection is resolved. If agreement cannot be made among the parties, the party wishing such disclosure shall make an appropriate motion. In the event of such motion, this Court shall rule as to whether such disclosure may be made and whether any restriction or limitation should be placed on such disclosure. Disclosure shall not occur pending agreement of the parties or resolution by this Court.  The provisions of the paragraph apply only as between Klauber Brothers, Inc. and Ascension Lingerie & Swimwear, LLC.

STIPULATED PROTECTIVE ORDER

## 4. <u>Challenges to Confidential or Highly Confidential Designations</u>

4.1.    Notwithstanding any of the above, any party or non-party may challenge a designation of confidentiality under this Order at any time, subject to the deadlines in the Scheduling Order, Local Rules, and Federal Rules of Civil Procedure. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

4.2.    The challenging party shall initiate a challenge to a designation by providing written notice of the specific documents being challenged and the basis for the challenge and in accordance with Local Rule 37. The Parties shall attempt to resolve the dispute in good faith. If they are unable to resolve their dispute, they will continue in accordance with the requirements of Local Rule 37 for bringing a discovery motion. The party or non-party challenging the designation shall bring the motion, but the burden of persuasion in any such challenge proceeding shall be on the Designating Party to show that the Discovery Material designated hereunder deserves the designations given. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expense and burden on other parties) may expose a party or non-party to sanctions. All Parties and non-parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

4.3    The Parties shall use reasonable care when designating materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Nothing in this Order shall prevent a Receiving Party from contending that any of the documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" has been improperly designated.

4.4.    A Designating Party that inadvertently fails to mark designated material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of production or testimony shall promptly upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. Upon receipt of such a notice, the Receiving Party shall destroy all copies of the improperly marked material within five (5) business days, along with any other documents that contain such material. A party or non-party shall not use the inadvertent failure to designate material under this Order to its advantage or refuse to destroy the material as requested in the notice because it disputes the new designation -- any challenge to the new designation is subject to the dispute resolution procedures set forth in Paragraphs 4.1 and 4.2 above. In the event of any disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the Party responsible for the disclosure shall promptly notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Material from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Material in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

**5. <u>Procedures Concerning Third-Party Materials</u>**

5.1.    When any third-party produces documents or testimony pursuant to a request from a Party in this matter, such third parties may designate their documents or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order. Before doing so, any third-party shall read and execute this Protective Order. In addition, within ten (10) court days of the receipt of any third-party

STIPULATED PROTECTIVE ORDER

documents or testimony, any of the Parties to this Action may designate such documents or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order.

**6.  Manner and Timing of Designations**

Except as otherwise provided in this Order (see, e.g., section 6.2 below), or as otherwise stipulated or ordered, the disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

6.1.  Information in Documentary Form: For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material.

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to each page that contains Protected Material.

6.2.  Testimony at Deposition or Other Proceedings: Any part of testimony taken at a deposition that discusses or refers to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material may be designated as such by making a statement to that

- 11 -

effect on the record at the deposition, or by notifying the other Parties (and non-parties, as applicable) and the court reporter of such designation within twenty (20) days after receipt of the final transcript of such deposition. Unless a Party designates the transcript on the record as "HIGHLY CONFIDENTIAL," the transcript will be treated by default as "CONFIDENTIAL" until the expiration of time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Protective Order. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

To the extent testimony during a court hearing or at trial discusses or refers to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, the treatment thereof shall be determined by the presiding judicial officer.

In the event that any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material is used in any deposition, hearing, or other proceeding in this Action, it shall not, to the extent permitted by law, lose its confidential status through such use. The party using the Designated Material shall take all reasonable steps to maintain the confidentiality of the materials during such use, including filing documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the extent permitted by the Court or allowed by law.

6.3   <u>Information Produced in Some Other Form</u>: For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

STIPULATED PROTECTIVE ORDER

### 7. <u>Efforts by Non-Parties to Obtain Protected Material</u>

7.1.   If at any time documents containing Protected Material are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall give written notice thereof to every party or non-party who has produced such documents and to its counsel and shall provide each such party or non-party with an opportunity to object to the production of such documents. Any person or party subject to this Order who becomes subject to a motion to disclose another Party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed. If a Producing Party does not take steps to prevent disclosure of such documents within ten (10) court days of the date written notice of the subpoena or motion is given or, if earlier, by the production deadline, the party to whom the referenced subpoena or motion is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.   Nothing in this Order shall be construed to require or authorize a Party to refrain from timely complying with a subpoena, any other court order or a discovery request.

### 8. <u>Filing Under Seal</u>

8.1.   If any party wishes to file with the Court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, appending, summarizing, excerpting   or   otherwise   embodying   "CONFIDENTIAL"   or   "HIGHLY CONFIDENTIAL" material, the pleading or other paper in which the material is embodied shall be submitted for filing under seal in accordance with Local Rule 79-5. If the court denies an application to file a document under seal, the Parties shall

promptly meet and confer regarding the process by which the information can be presented to the court (*e.g.*, through a request for in camera review or de-designation of the material).   In no way shall the designation of material under this Order preclude a party from raising all available claims, counterclaims, cross-claims, and defenses before the Court by preventing a Party from presenting the Court with material in support of such claims, counterclaims, cross-claims, and defenses.

## 9.   Clawback Procedure

9.1.   Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work-product immunity, tax privilege, or any other privilege, right, or immunity. Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any Discovery Material made in connection with this Action that a party claims was inadvertent and should not have been produced or disclosed for any reason, including, but not limited to, attorney-client privilege, work-product, and tax privilege ("Inadvertently Produced Material") will not be deemed to be a waiver in whole or in part as to any protections to which the party would have been entitled had the Inadvertently Produced Material not inadvertently been disclosed, either as to the specific information and/or documents disclosed or as to any other related information and/or documents in this Action and in any other federal or state proceeding. In the event of such claimed inadvertent disclosure, the following procedures shall be followed: (1) The Producing Party shall notify lead counsel for the opposing party in writing within a reasonable period of time from the discovery of the inadvertent production by specifically identifying the affected material; (2) If the Producing Party requests the return or destruction of any such Inadvertently Produced Material, those to whom the request is made shall return to the Producing Party or destroy immediately all copies of the affected material within their

possession, custody, or control—including all copies in the possession of experts, consultants, or others to whom the Inadvertently Produced Material was provided; (3) In addition, all notes or other work-product of the Receiving Party reflecting the contents of such Inadvertently Produced Material shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database; and (4) The Receiving Party shall confirm in writing within 5 court days of being notified of the inadvertent production that all copies of the Inadvertently Produced Material have been returned or destroyed.

9.2.    The return or confirmation of destruction of documents of Inadvertently Produced Material shall not preclude the Receiving Party from seeking to compel production of such documents, and shall not constitute an admission by the Receiving Party that any document was, in fact, privileged or protected in any way. The Receiving Party cannot rely on its knowledge and/or review of the inadvertently produced material (or the inadvertently produced material itself) in bringing such a motion. The Producing Party shall retain the documents for submission to the Court in the event the Receiving Party moves to compel their production, until such motion to compel is denied and appeals thereof have been exhausted.

**10.** **Use of Confidential or Highly Confidential Information at Trial**

10.1.  Nothing in this Order is intended to, or does, preclude either party from using any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at trial or a hearing in this Action, provided that the party who intends to use such material requests that the Court take appropriate measures to protect the confidentiality of information to be used at the trial or proceeding.  The refusal by the Court to grant such protection does not limit the right of a party to use information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the trial or proceeding.

**11. Procedures Upon Termination of Action**

11.1.  This Order shall survive the final termination of this Action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within sixty (60) days of the Court's issuance of a final disposition of all claims, counterclaims, cross-claims, and defenses among the Parties in this action (whether by final written judgment, appellate decision, award, or settlement), counsel for the Parties shall return to each other, or to any third-Party from whom documents have been obtained, all documents, material, and deposition transcripts material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and all copies of same. In the alternative, counsel for the Parties may assemble and destroy such materials, with a written confirmation provided to the Designating Party that such destruction has occurred. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work-product, and consultant and expert work-product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 12.4. The Parties acknowledge that electronic discovery makes it difficult to keep track of all discovery and therefore agree to use their best efforts to ensure compliance with the letter and spirit of this provision.

11.2.  In the event there is an attempt to obtain said archival documentation, the holder of any documents subject to this Order, including work-product, shall promptly give notice to the Parties of the information being sought by a third-party in a separate action, so that the parties can involve themselves in the request and protect any information protected by this Order if appropriate.  No information or documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be disclosed by the holder thereof until the Designating Party has been notified and

STIPULATED PROTECTIVE ORDER

provided a reasonable opportunity to object, quash, or act otherwise to prevent such disclosure unless otherwise required by the law or court order.

## 12. Miscellaneous

12.1.  This Protective Order is entered into solely for the purpose of facilitating the exchange of documentation and information between the Parties to this Action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or documents under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed to have the effect of any admission or waiver by any party, or of altering the confidentiality or non-confidentiality of any such document or information, or altering any existing obligation of any party or the absence thereof.

12.2.  Nothing in this Order shall be deemed to impact in any way a party's right to object to any discovery request on any grounds. Each party reserves the right to withhold production of information pursuant to any such objections(s).

12.3.  This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any Party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

12.4.  After termination of this Action, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for

///

STIPULATED PROTECTIVE ORDER

enforcement of the provision of this Protective Order following termination of this litigation.

12.5.  Each of the Parties and their counsel agrees to be bound by the terms of this Protective Order as of the date counsel for such Party executes this Protective Order, even if prior to entry of this Protective Order by the Court.

**13. Good Cause Statement**

Pursuant to Fed. R. Civ. P. 26(c), good cause exists for entry of this PROTECTIVE ORDER because the Parties to this Action (1) might seek the discovery of certain information that the Parties believe is sensitive or confidential, (2) believe that unrestricted disclosure of such information could cause them some business or commercial injury, (3) desire an efficient and practicable means to designate such information as confidential and control its disclosure or dissemination, and (4) from this point forward have agreed to such means as set forth herein.

DATED:                                        DONIGER/BURROUGHS

By:        /s/ *Trevor W. Barrett*
          Trevor W. Barrett
          Attorneys for Plaintiff Klauber Brothers, Inc.

STIPULATED PROTECTIVE ORDER

DATED:                              RUSS AUGUST & KABAT


By:      /s/ *Justin Eric Maio*
         _____
         Justin Eric Maio, Esq.
         Nathan Meyer, Esq.
         Attorneys for Forever 21, Inc.
         and Ambiance U.S.A., Inc.


DATED:                              FREEMAN, FREEMAN, & SMILEY, LLP


By:      /s/ *Todd M. Lander*
         _____
         Todd M. Lander, Esq.
         Attorneys for Central Mills, Inc. dba Freeze
         CMI


DATED:                              WEINBERG GONSER LLP


By:      /s/ *Douglas M. Lipstone*
         _____
         Douglas M. Lipstone
         Attorneys for Defendant Ascension
         Lingerie & Swimsuit, LLC


    Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

STIPULATED PROTECTIVE ORDER

1

**ORDER**

2
    Based on the Court's finding that good cause exists to issue the (Proposed)

3
Stipulated Protective Order as modified, IT IS SO ORDERED AS MODIFIED.

4
DATED:  May 1, 2020

5

6
                                                   _____/s/_____

7
                                                Honorable Jacqueline Chooljian
                                                UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 20 -

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KLAUBER BROTHERS, INC., | Case No. 2:19-cv-05911-JAK-JC |
| | _Hon. John A. Kronstadt Presiding_ |
| Plaintiff, | **CONFIDENTIALITY AGREEMENT PURSUANT TO PROTECTIVE ORDER** |
| v. | |
| FOREVER 21, INC., _et al.,_ | |
| Defendants. | |

My name is_____.

I am employed as (state position)_____at (state name and address of employer)_____.

1.      I have read the Protective Order, and a copy of it has been given to me. I understand the provisions of the Order and I agree to comply with and be bound by its provisions. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

STIPULATED PROTECTIVE ORDER

2.     I further agree to submit to the jurisdiction of this Court for adjudication of any dispute regarding my compliance with the terms of this Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint_____[print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:_____

City and State where sworn and signed:


Printed name:_____

[printed name]


Signature:_____

[signature]

STIPULATED PROTECTIVE ORDER